IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEVEN MYERS                                                    PLAINTIFF

v.              Civil No. 5:17-cv-05106

SHERIFF TIM HELDER                                          DEFENDANT

**OPINION AND ORDER**

Plaintiff, Steven Myers, filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

According to the allegations of the amended complaint (Doc. 6), Plaintiff was being held at the Washington County Detention Center on a parole hold and a pending criminal charge. Plaintiff alleges his parole officer faxed paperwork to the detention center in September of 2016 lifting the parole hold.

Due to the paperwork being lost and the computer still showing the hold as active, Plaintiff alleges he could not post bond. Plaintiff remained incarcerated from September of 2016 until January 3, 2017. Plaintiff states he "could have paid for bond" and been released during this period of time.

**II. LEGAL STANDARD**

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1)

are frivolous, malicious, or fails to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III. DISCUSSION

While false imprisonment is ordinarily a tort claim left to state law, *Baker v. McCollan*, 443 U.S. 137, 146 (1979)("false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official"), there are circumstances when a liberty interest protected by the Due Process Clause of the Fourteenth Amendment is at issue. For instance, in *Davis v. Hall*, 375 F.3d 703, 717 (8th Cir. 2004), the Eighth Circuit held that there is a "protected liberty interest in being free from wrongful, prolonged incarceration." In *Davis*, Plaintiff was detained for fifty-seven days after a judge ordered his release. In *Dahl v. Weber,* 580 F.3d 730, 733 (8th Cir. 2009), the Eighth Circuit noted that there was also a liberty interest in being released after a prison sentence has been served. To be applicable, the Plaintiff must show a right to release. *Golberg v. Hennepin Cty.*, 417 F.3d 808, 811-12 (8th Cir. 2005). We will assume that Plaintiff had a right to be released on bail when the hold was lifted.

However, something more is needed before a plausible claim is stated under 42 U.S.C. § 1983. Liability under § 1983 is personal. *Doran v. Eckold*, 409 F.3d 958, 965 (8th Cir. 2005).

"To recover § 1983 damages from [Sheriff Helder] individually, [Plaintiff] must establish that [Sheriff Helder] was personally involved in, or directly responsible for, [Plaintiff's] prolonged incarceration and that [Sheriff Helder] was deliberately indifferent to [Plaintiff's] plight." *Dahl*, 580 F.3d at 733 (internal citations omitted). General responsibility over a detention facility is "insufficient to establish personal involvement." *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987).

Plaintiff has not alleged deliberate indifference on the part of any person. Rather, he alleges the faxed document was lost. Further, Plaintiff has not alleged any personal involvement on the part of Sheriff Helder. Thus, there is no basis for finding Sheriff Helder individually liable. Finally, Plaintiff has not alleged a custom or policy of Washington County was the moving force behind his prolonged detention. Thus, there is no basis for official capacity liability. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978)(no vicarious liability for governmental entities--liability must be based on custom or policy).

## IV. CONCLUSION

No plausible claim is stated. The Complaint is **DISMISSED WITH PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis* action, or any portion of it, may be dismissed at any time for failure to state a claim).

IT IS SO ORDERED on this 10th day of August, 2017.

/s/ P.K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE